# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:12-cr-00042-SI |
| Respondent, | |
| v. | |
| **PATRICK SHANNON HAFT**, | **OPINION AND ORDER** |
| Petitioner. | |

S. Amanda Marshall, United States Attorney, and Leah K. Bolstad, Assistant United States Attorney, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204. Attorneys for United States of America.

Dennis N. Balske, Law Office of Dennis N. Balske, 621 S.W. Morrison Street, Suite 1025, Portland, OR 97205. Attorney for Petitioner.

**Michael H. Simon, District Judge.**

  Pending before the Court is petitioner Patrick Shannon Haft's ("Haft") Motion for Leave to Conduct Limited Discovery (Dkt. 80) filed in connection with Haft's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. 64). Having reviewed the Government's response (Dkt. 81), and the underlying criminal record, the Court denies Haft's motion for discovery. The Court does not address the merits of Haft's Section 2255 motion at this time.

## STANDARDS

A habeas petitioner is not entitled to broad discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, the Court "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practice and principles of law." Fed. R. Governing § 2255 Proceedings 6(a). Good cause exists "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are developed, be able to demonstrate that he is . . . entitled to relief.'" *Bracy*, 520 U.S. at 908-09 (citing *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

Rule 6(b) of the Federal Rules Governing § 2255 Proceedings requires that a petitioner "provide specific reasons for the request." Fed. R. Governing § 2255 Proceedings 6(b). The purpose in doing so is to enable the Court to evaluate the propriety of discovery and determine whether discovery would lend support to adequately articulated claims involving specific factual allegations. *See Calderon v. U.S. Dist. Court for the N. Dist. of Ca. (Nicolaus)*, 98 F.3d 1102, 1106 (9th Cir. 1996). Discovery is not to be used for "fishing expeditions to investigate mere speculation" or for a prisoner to "explore [his] case in search of its existence." *Id.* (citing *Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

## BACKGROUND

On February 1, 2012, a federal grand jury issued a four-count indictment charging Haft with (1) Possession with Intent to Distribute Heroin; (2) Possession with Intent to Distribute Cocaine; (3) Possession with Intent to Distribute Methamphetamine; and (4) Felon in Possession of Ammunition, as well as including a criminal forfeiture allegation. On January 8, 2013, Haft pled guilty to Counts 1 and 4 of the Indictment pursuant to a plea agreement with the government. Haft was sentenced on April 8, 2013, to a sentence of 120 months' imprisonment

each for Count 1 and Count 4 to be served concurrently, followed by a period of supervised release, and the mandatory special assessment fee.

Haft filed his Section 2255 motion, arguing that his conviction should be set aside "for the reason that his trial attorney provided ineffective assistance." Dkt. 64. He specifically alleges that trial counsel: (1) failed to investigate and present persuasive mitigation evidence to the prosecution during plea negotiations; (2) failed to approach the assigned Assistant United States Attorney's ("ASUA") supervisor and argue for a sentence below the applicable ten-year minimum; and (3) failed to research the law to determine whether he might be eligible for a Federal Prison Camp. *Id.* Haft's Motion for Leave to Conduct Limited Discovery is a Request for Admission from AUSA John Deits that:

> In criminal cases in the District of Oregon, in his role as head of the Drug Unit and Organized Crime and [Drug] Enforcement Task Force, in cases handled by Leah Bolstad, when approached by defense counsel, AUSA John Deits has approved at least one plea bargain calling for a lower sentence than that previously offered by AUSA Leah Bolstad to that defense counsel associated with the defense team.

Dkt. 80. The Government has replied that Defendant's § 2255 Motion and Motion for Leave to Conduct Limited Discovery should be denied. Dkts. 75, 81.

## DISCUSSION

Haft's Section 2255 discovery request seeks to prove that he received ineffective assistance of counsel in this case because trial counsel failed to request that the supervising AUSA agree to a lower sentence recommendation to the Court. Haft argues he was prejudiced by trial counsel's failure to approach the supervising AUSA. The Court denies Haft's Motion for Leave to Conduct Limited Discovery for two reasons.

First, Haft has not shown that his request for admission would prove any material fact *in Haft's own case*—namely that if trial counsel had made such a request of Deits, there would

PAGE 3 – OPINION AND ORDER

have been any material change in the suggested sentence from the government. *Cf. Bracy*, 520 U.S. at 909 (permitting discovery because the petitioner, in support of his discovery request, pointed to evidence that supported to the claim in his case). Merely alleging that the supervising AUSA "may" have altered the plea agreement is not a "specific allegation," but instead, is based upon speculation and the government's actions in other cases, that may have involved unrelated and distinct factual scenarios. *Calderon* makes clear that such "fishing expeditions" may not be used to investigate speculative facts. 98 F.3d at 1106. The relationship between the actions of defense counsel in other unrelated criminal plea agreement negotiations to Haft's case is merely speculative and conclusory.

Second, the evidence before the Court demonstrates that Haft's argument is implausible because his Request for Admission is contradicted by the specific facts in evidence. Supervising AUSA Deits explained in his declaration that he "reviewed and approved the plea offer extended to defense counsel in this case" and that he "reviewed the mitigation material prepared and provided by prior defense counsel . . . and by newly appointed counsel." Dkt. 78 at 2. The supervising AUSA further stated that "the plea offer given was and remains appropriate" and that he "would not authorize anything lower, even today." *Id.* Further, another supervising AUSA, Scott Kerin who supervises the Gang & Sex Trafficking Unit within the Violent Crimes division, stated that he "reviewed and approved both the indictment and the plea offer extended to defense counsel." Dkt. 77 at 2. He stated that he also "reviewed the mitigation material prepared and provided by prior defense counsel . . . and by newly appointed counsel." *Id.* AUSA Kerin concluded that "[e]ven if defense counsel had directly appealed to me as AUSA Bolstad's supervisor during the plea negotiations state and presented me with all the mitigation materials

they have now supplied, I would not have authorized a plea offer below the congressionally mandated 10-year minimum sentence." *Id.*

Haft fails to provide "good cause" for discovery in this case because his abstract request for admission would be fruitless. *See Hubanks v. Frank*, 392 F.3d 926, 933-34 (7th Cir. 2004) (finding there was no "good cause" for discovery where ample evidence in the record disproved a petitioner's Section 2255 claim). In order for Haft to prevail under the *Strickland v. Washington* test for ineffective assistance of counsel, Haft must prove: (1) that counsel's performance was deficient; and (2) that there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. 466 U.S. 668, 687 (1984). To show prejudice in the context of a plea of guilty, the challenger must demonstrate that "'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Smith v. Mahoney*, 611 F.3d 978, 986 (9th Cir. 2010) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). The affidavits from the Government demonstrate that all the mitigating evidence before the Court would have had no impact on the Government's recommendation for Haft's plea agreement. *See Bracy*, 520 U.S. at 908-09 (explaining when there is good cause to permit discovery on a § 2255 motion).

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Haft's Motion for Leave to Conduct Limited Discovery, Dkt. 80. The Court reserves ruling on the merits of Defendant's § 2255 Motion, Dkt. 64.

**IT IS SO ORDERED**.

DATED this 28th day of October, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge